Filed 2/7/23  P. v. Crossley CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ROBERT LAMOUNT CROSSLEY,<br><br>Defendant and Appellant. | F084585<br><br>(Super. Ct. No. VCF367716)<br><br>**OPINION** |

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Antonio A. Reyes, Judge.

Matthew Aaron Lopas, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Levy, Acting P. J., Franson, J. and Snauffer, J.

## STATEMENT OF APPEALABILITY

This appeal is from a final judgment following a plea of no contest and issuance of a certificate of probable cause, as prescribed by California Rules of Court, rule 8.304(b)(1) & (2). It is authorized by Penal Code[1] section 1237.5.

## STATEMENT OF THE CASE

On July 10, 2018, the Tulare County District Attorney charged appellant, Robert Crossley, with attempted murder (§ 664/187, subd. (a); count 1) and assault with a firearm (§ 245, subd. (a)(2); counts 2 & 3). As to each count, the complaint alleged that Crossley had suffered a prior strike conviction (§§ 1170.12, subd. (a)-(d), 667, subds. (b)-(i)) and a prior serious felony conviction (§§ 667, subd. (a)(1), 1192.7, subd. (c)). The complaint further alleged as to count 1 that Crossley personally used and intentionally discharged a firearm causing great bodily injury (§§ 12022.53, subds. (b)-(d)). As to counts 2 and 3, the complaint further alleged that Crossley personally and intentionally discharged a firearm during commission of each offense (§§ 1203.06, subd. (a)(1), 12022.5, subd. (a)(1)).

On January 16, 2019, the court granted the district attorney's request to orally amend the complaint, adding a charge for negligent discharge of a firearm (§ 246.3) and a great bodily injury enhancement (§ 12022.7, subd. (a).) A preliminary hearing was held the same day and Crossley was held to answer as charged in the orally amended complaint.

Crossley was arraigned on the information on January 31, 2019.

On June 25, 2019, the matter was referred to Wellpath for an evaluation under section 4011.6.

---

[1] All statutory references are to the Penal Code unless otherwise stated.

On April 14, 2021, Crossley filed a motion requesting pretrial mental health diversion under section 1001.36. Included with the motion was a report by Dr. Richard Blak, a licensed psychologist, who opined that Crossley met each of the six criteria. The People filed an opposition on April 29, 2021.

On May 6, 2021, a prima facie hearing on the mental health diversion request was granted.

On May 28, 2021, the court ordered a mental health diversion evaluation be conducted by Tulare County Health and Human Services. On August 18, 2021, a confidential mental health diversion report by Dr. Elaine Guerrero Clar, a licensed psychologist, was filed with the court.

On January 20, 2022,[2] a mental health diversion hearing was held with Dr. Blak and Dr. Clar testifying remotely. The court denied the motion because it could not "in good conscience … make a finding that [Crossley] does not pose such an unreasonable risk [of danger to public safety]."

On April 11, Crossley entered a plea of no contest pursuant to *People v. West* (1970) 3 Cal.3d 595 (*West*) to assault with a firearm (count 2) and admitted the special allegations under sections 12022.7, subdivision (a), 12022.5, subdivision (a)(1), 1170.12, subdivisions (a)-(d), 1192.7, subdivision (c), and 667, subdivision (a)(1) for an agreed upon term of 12 years state prison.

On May 2, Crossley was sentenced to an aggregate term of 12 years as follows:

Count 2: Low term of two years, doubled pursuant to section 1170.12, subdivisions (a)-(d), for four years, plus an additional five years consecutive pursuant to section 667, subdivision (a)(1), and an additional three years consecutive pursuant to

[2] Subsequent references to dates are to dates in 2022.

section 12022.7, subdivision (a). The court stayed the punishment for the section 12022.5, subdivision (a)(1) enhancement.

The trial court awarded custody credits of 1,604 days (1,395 actual, 209 conduct credits pursuant to § 2933.1.) Crossley was ordered to pay a $1,000 restitution fine (§ 1202.4) with the same amount stayed pending successful completion of parole (§ 1202.45), a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373).

On June 30, Crossley filed a timely notice of appeal and request for certificate of probable cause. The certificate of probable cause was granted on July 5.

## STATEMENT OF FACTS

As part of Crossley's plea of no contest pursuant to *West, supra,* 3 Cal.3d 595, he admitted to committing an assault with a firearm (§ 245, subd. (a)(2)) on the persons of D.C. and D.P. Further, he admitted to personally inflicting great bodily injury on the person of D.C. (§ 12022.7, subd. (a)) and that he personally used a firearm within the meaning of sections 1203.06, subdivision (a)(1) and 12022.5, subd. (a)(1) during commission of the assault with a firearm.

Crossley admitted to having suffered a prior strike conviction (§§ 1170.12, subds. (a)-(d) and 667, subds. (b)-(i)) for a violation of section 246.3, subdivision (a) having occurred on November 8, 2017. Additionally, and for the same prior section 246.3, subdivision (a) conviction, Crossley admitted the special allegation that it was a prior serious felony. (§ 667, subd. (a)(1).)

## APPELLATE COURT REVIEW

Crossley's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) The opening brief also

4.

includes the declaration of appellate counsel indicating Crossley was advised he could file his own brief with this court. By letter on December 5, 2022, we invited Crossley to submit additional briefing.

In response to our invitation, Crossley filed a supplemental letter brief on December 28, 2022, which we have read and considered. However, he presents no issues that would warrant relief on appeal.

Having undertaken an examination of the entire record, we find no evidence of ineffective assistance of counsel or any other arguable error that would result in a disposition more favorable to Crossley.

## DISPOSITION

The judgment is affirmed.